UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMENTE M. GAMBOA, JR.,<br><br>       Plaintiff,<br><br>  v.<br><br>B. GONZALES, et al.,<br><br>       Defendants. | Case No. 1:21-cv-00079-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE PROSECUTE THIS CASE<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER DIRECTING CLERK TO SEND A COPY OF THESE FINDINGS AND RECOMMENDATIONS TO PLAINTIFF AT ARLINGTON AVENUE CHURCH OF THE NAZARENE, 5475 ARLINGTON AVE, RIVERSIDE, CA 92504 |

      Clemente Gamboa, Jr. ("Plaintiff"), is a prisoner (or former prisoner) proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

      On June 4, 2021, the Court issued findings and recommendations, recommending that this case proceed "on Plaintiff's Eighth Amendment excessive force claim against defendant Gonzales and Doe Defendant(s)," and that the rest of Plaintiff's claims be dismissed. (ECF No. 23, pgs. 16-17).  On June 17, 2021, these findings and recommendations were returned as undeliverable.

      Pursuant to Local Rule 183(b), "[a] party appearing in propria persona shall keep the Court and opposing parties advised as to his or her current address.  If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such

1

plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute."

Plaintiff's deadline to update his address has passed, and Plaintiff did not file a notice of change of address.  Accordingly, Plaintiff failed to keep the Court informed of his current address as required by this Court's local rules and the First Informational Order in Prisoner/Civil Detainee Civil Rights Case (ECF No. 10, p. 5).

Therefore, the Court will recommend that this case be dismissed, without prejudice, because of Plaintiff's failure to prosecute this case.

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)).  Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest….  It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants...." Id.  Plaintiff has failed to keep the Court informed of his current address.  This failure is delaying this case and interfering with docket management.  Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish, 191 F.3d at 991).  However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id. at 643, and it is Plaintiff's failure to keep the Court informed of his current address that is causing delay and preventing this case from progressing.  Therefore, the third factor

weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff appears to have chosen to stop prosecuting this case, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Considering Plaintiff's *in forma pauperis* status, it appears that monetary sanctions are of little use. And as it appears that Plaintiff has decided to stop prosecuting this case, excluding evidence would be a meaningless sanction. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. Id.

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute this case; and
2. The Clerk of Court is directed to close this case.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

\\\
\\\
\\\
\\\

Additionally, IT IS ORDERED that the Clerk of Court is directed to send a copy of these findings and recommendations to: Clemente Gamboa, Jr., Arlington Avenue Church of the Nazarene, 5475 Arlington Ave, Riverside, CA 92504.[1]

IT IS SO ORDERED.

Dated:   **September 7, 2021**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE

---

[1] On December 11, 2020, Plaintiff filed a letter stating that he expected to be granted parole on December 27, 2020, and that he will be homeless. (ECF No. 2). Plaintiff also provided the address for the Arlington Avenue Church of the Nazarene, and appears to have asked the Court to send mail there. (Id. at 2). On January 28, 2021, Plaintiff filed a notice of change of address. (ECF No. 16). According to this notice, Plaintiff was still confined at Valley State prison. (Id.). On March 12, 2021, Plaintiff filed another notice of change of address. (ECF No. 17). According to this notice, Plaintiff was confined at the Robert Presley Detention Center. (Id.).

Plaintiff failed to update his address after leaving the Robert Presley Detention Center and there is no indication that Plaintiff will receive mail at the Arlington Avenue Church of the Nazarene. Nevertheless, in an abundance of caution, the Court will direct the Clerk of Court to send a copy of these findings and recommendations to Plaintiff at the Arlington Avenue Church of the Nazarene.